UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMIR HAMILTON,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 3:18-cv-00555-RFB-WGC<br><br>**ORDER** |

Before the Court in this capital habeas corpus action is a motion filed by the petitioner, Tamir Hamilton, requesting that the action be stayed while he exhausts claims in state court (ECF No. 27). The Court will grant the motion, and stay this case while Hamilton completes his state-court litigation.

Hamilton was convicted in Nevada's Second Judicial District Court (Washoe County) of murder with the use of a deadly weapon and sexual assault with the use of a deadly weapon and was sentenced to death for the murder and two consecutive terms of life in prison with the possibility of parole after ten years for the sexual assault. See Am. Pet. for Writ of Habeas Corpus 2, ECF No. 22; J. of Conviction, Ex. 3, ECF No. 2-3.

After an unsuccessful direct appeal and state habeas action, Hamilton initiated this federal habeas corpus action on November 21, 2018. The Court appointed the Federal Public Defender for the Eastern District of Pennsylvania ("FPD") to represent Hamilton (ECF No. 11), and on October 7, 2019, Hamilton filed a counseled Amended Petition for Writ of Habeas Corpus (ECF No. 22).

Hamilton filed the instant Motion for Stay on November 12, 2019 (ECF No. 27). Hamilton represents that Respondents do not oppose the motion, and indeed,

1

Respondents did not respond to it. Hamilton further represents that he has initiated a second habeas petition in state court. See ECF No. 27 at 4.

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The Rhines Court stated that stay and abeyance should only be granted in "limited circumstances" and as such, is only appropriate when good cause has been found for the failure to exhaust and the unexhausted claims are not "plainly meritless." 544 U.S. at 277. The Court further stated however, that "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. When such is the case, the mixed petition should be stayed, rather than dismissed. Id.

Rhines does not state or suggest that every unexhausted claim in the petition must individually satisfy the "good cause" and "potentially meritorious" requirements for a stay. If a stay is warranted with respect to any single claim, the Court need not conduct a claim-by-claim analysis with regard to the remaining claims. The Court focuses on Claims 2, 3 and 4 of Hamilton's Amended Petition, which are claims that Hamilton's federal constitutional rights were violated as a result of ineffective assistance of his trial counsel. See ECF No. 22 at 49-73; ECF No. 27 at 5-9.

Hamilton states that Claims 2, 3 and 4 are unexhausted in state court. Id. Hamilton has shown – and Respondents do not dispute – that the Amended Petition is a "mixed petition," meaning it contains both exhausted and unexhausted claims. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional deprivations. See Picard v. Conner, 404 U.S. 270, 275 (1971).

Regarding the question of cause for his failure to exhaust Claims 2, 3 and 4 in his first state habeas action, Hamilton asserts that the attorney who handled his first state habeas action performed ineffectively by failing to present the claims of ineffective assistance of counsel in Claims 2, 3 and 4. ECF No. 27 at 5-9.

In Martinez v. Ryan, 566 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17. In Blake v. Baker, 745 F.3d 977 (9th Cir. 2014), the Court of Appeals held that the sort of ineffective assistance of counsel in an initial-review collateral proceeding described in Martinez can constitute good cause for a Rhines stay. See Blake, 745 F.3d at 982-84.

Here, the Court finds that Hamilton has shown good cause under Rhines for his failure to fully exhaust Claims 2, 3 and 4 in state court. The Court further finds that Claims 2, 3 and 4 are potentially meritorious and that there is no indication that Hamilton has engaged in intentionally dilatory litigation tactics. Therefore, the requirements for a stay of this action pending exhaustion of Hamilton's claims in state court, as set forth in Rhines, are satisfied.

In exercising its discretion to grant the stay, the Court takes into account the Nevada Supreme Court's holding in Crump v. Warden, 934 P.2d 247 (1997), under which there is a possibility that the Nevada courts may consider Hamilton's unexhausted claims on their merits upon a showing that his prior post-conviction counsel was ineffective.

The Court will not again impose a stay to facilitate Hamilton's exhaustion of claims in state court. Hamilton must exhaust all of his unexhausted claims in state court during the stay imposed under this Order.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Stay (ECF No. 27) is **GRANTED**. This action is **STAYED** while Petitioner exhausts his unexhausted claims in state court for habeas corpus relief.

**IT IS FURTHER ORDERED** that on or before June 15, 2020, Petitioner shall file a Status Report describing the status of his state court proceedings. Thereafter during the stay of this action, Petitioner shall file such a Status Report every six months (on or before December 15, 2020; June 15, 2021; etc.). Respondents may, if necessary, file a Response to any such Status Report within fifteen (15) days after it is filed. If necessary, Petitioner may reply within fifteen (15) days of the filing of the Response.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state court proceedings, Petitioner shall within thirty (30) days move to lift the stay.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal upon motion by Respondents if Petitioner does not comply with the time limits in this Order, or if he otherwise fails to proceed with diligence during the stay imposed under this Order.

DATED THIS 2nd day of December, 2019.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE